## No. 316.—L. M. B. RIND et al. v. JAY L. HUNSICKER et al.

An attorney at law who has instituted a suit which is afterward compromised before judgment, can not be permitted to prosecute the suit to judgment for the purpose of enforcing a privilege upon it for his professional services in the case.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *W. J. Q. Baker*, for plaintiffs and appellants. *Morrison & Farmer*, for defendants and appellees.

HOWELL, J. The plaintiffs having obtained a judgment in their favor, in the suit of the Citizens' Bank v. Fluker et al., for the sum of $3500 in the hands of the sheriff of Ouachita parish, and failed to get it before the death of the said sheriff. instituted this suit against the sureties on his official bond for the said amount, and twenty per cent. damages. Exceptions and answers were filed, and pending the suit the claim was compromised between the parties, the agent of plaintiffs stipulating to dismiss the suit. On application for this purpose an order of dismissal as to plaintiffs and defendants was granted but not then signed. At the same time W. J. Q. Baker, Esq., filed a petition in this suit alleging that he had been and then was the attorney at law who had conducted all the proceedings for plaintiffs in relation to the matter; that they are non-residents and have no property in this State except the said money; that his professional services in the matter are worth $1500; that by law he has a special first privilege for the same " on the judgment he may obtain in this case; " that no judgment has yet been rendered herein, and the plaintiffs have no right to sell the claim or do any act tending to defeat his privilege without paying him; and the attempt to sell their claim to the defendants was a fraud on his rights and an illegal attempt to deprive him of his privilege and his fees and the costs paid by him, all of which are secured by a

privilege on the only movable property plaintiffs possess in this State. He prays for leave to file this motion:

"That this case proceed to judgment, and that in the judgment the court decree that petitioner has a first privilege on said judgment for the amount of his professional fees ($1500), to be paid by preference, and that the act of compromise and sale and subrogation, or other act entered into between the plaintiffs and defendants, be declared as to petitioner fraudulent, simulated, collusive and void, and that the costs of the clerk and sheriff paid and due be taxed and ordered to be paid as part of the judgment before the said assignees be permitted to take anything."

In making the order of dismissal first above referred to, the court reserved to said Baker his right to introduce testimony on his said rule for fees. Bills of exceptions were taken by him to the order of dismissal, and by defendants to the filing of the said motion or petition, and the order to show cause thereon, and they excepted to the form of proceeding.

We regard the proceeding as novel and irregular; but viewing it as an intervention, the nature and object of which are determined by the prayer, we deem it the better course to decide on the right to make or obtain the demand. We know of no law giving an attorney at law a privilege on a judgment not yet in existence, and no law to compel a party to prosecute a suit to a judgment in order that the attorney in the suit may obtain and enforce a privilege on the said judgment for his professional services. The plaintiffs having compromised their suit against the defendants, which they had a right to do, and demanded its dismissal, it was at an end, and there is no suit in which an intervention can be maintained.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

The court did not decide, as intimated by the applicant, that Baker had not a privilege on the payment obtained by him in favor of Rind in the suit of Citizens' Bank v. Fluker et al. We decided only on the issues presented in the rule of Baker in this case.

Rehearing refused.