## GENERAL FINANCE CO. OF LOUISIANA, Inc., v. VEITH.*

### No. 17005.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1938.

Stephen C. Hartel and Jonas C. Sporl, both of New Orleans, for appellant.

Prowell & McBride, of New Orleans, for appellee.

*Rehearing denied Nov. 28, 1938.

McCALEB, Judge.

Henry James Veith, Jr., defendant in this original proceeding, filed a rule against General Finance Company of Louisiana, Incorporated, the plaintiff, and its surety Richard T. McBride, seeking an order for the taxation of costs expended by him in defense of this suit and also for a writ of possession for a certain Buick automobile, to which he alleges he is entitled by virtue of the final decree of this court. From an adverse decision of the trial court, which dismissed the rule on the exceptions filed by the finance company and Mr. McBride, he has prosecuted this appeal.

At the outset, we believe it is pertinent to briefly state the history of this litigation in order that the issues presented in the case may be clearly stated and discussed.

On December 4, 1936, the General Finance Company instituted this action against the defendant Veith declaring, in substance, that it was the owner of a certain Buick automobile then in his possession. It further averred that it was within the defendant's power to conceal, part with or otherwise dispose of the automobile during the pendency of the suit and that a writ of sequestration was necessary in the premises. Upon this showing, the trial judge issued the writ as prayed for and the plaintiff furnished a bond with Richard T. McBride as surety thereon in the sum of $300, conditioned upon payment to Veith of such damages as might be sustained by him in case it should be decided that the order was wrongfully obtained.

Shortly after the issuance of the writ of sequestration, Veith, taking advantage of the provisions of Arts. 279 and 280 of the Code of Practice, bonded the seizure and executed a forthcoming bond conditioned upon delivery of the property to the constable in the event the court should decide the contest in favor of the plaintiff. Thereafter, he appeared in court and moved to dissolve the writ of sequestration on the ground that the same was wrongfully issued. This motion to dissolve the writ was referred by the court to the merits of the case and, in obedience to this order, Veith answered denying, in substance, all of the allegations in the plaintiff's petition.

Subsequently, the case was heard and the Judge decided the matter in plaintiff's favor, decreeing it to be the owner of the automobile and maintaining the writ of sequestration which had been previously issued. The defendant Veith, being unable to furnish the necessary security to take a suspensive appeal from this judgment, prosecuted a devolutive appeal to this court and delivered the automobile in contest to the constable in accordance with the condition of the forthcoming bond executed by him. The constable, upon receiving the automobile from the defendant, delivered the same to the plaintiff in conformity with the judgment of the trial court.

Sometime later, after the hearing of the case in this court, we rendered our opinion and decree recognizing Veith as the lawful owner of the automobile. The judgment of the First City Court was accordingly reversed, the writ of sequestration dissolved, and the plaintiff's suit dismissed at its cost. See 177 So. 71. A rehearing was applied for and refused and, after the time prescribed by law for the finality of our decrees had elapsed, the record was returned to the trial court where our opinion and judgment were filed and recorded. On December 4, 1937, previous to the finality of the judgment of this court, Veith filed a suit for damages against the plaintiff finance company in the Civil District Court, bearing Docket No. 224—491, wherein he claimed that, due to the wrongful issuance of the writ of sequestration, he had been injured in the sum of $273.65. He included in that suit, among the items listed by him as comprising his damage, the amount he expended for court costs in defending this proceeding in the sum of $23.-65, the $25 fee he paid to an expert who testified on his behalf at the trial and $225 representing the value of the Buick automobile.

Thereafter, while the suit in the Civil District Court against the finance company was pending, Veith filed the present rule in these proceedings, seeking recovery of the costs expended by him in defense of the case, including therein the $25 expert fee. He also requested the issuance of an order directing the finance company to turn over and deliver to him the Buick automobile (to which he is entitled under the judgment of this court), alleging that he had made amicable demand upon it without avail. Further, he prayed that, in the alternative, in the event the finance company was unable to deliver the automobile in good condition, then there should be judgment in his favor for the value of the car which he avers to be the sum of $225. In addition to his demand against the

finance company, Veith also included, as a party defendant to his rule, Richard T. McBride, the surety on the sequestration bond.

In accordance with the allegations of this rule, an order was issued by the trial court for the finance company and McBride to show cause why the former should not immediately deliver to Veith the Buick car in good condition or, alternatively, in case of default, to show cause why they should not be condemned to pay for its value amounting to the sum of $225 and, further, to show cause why they should not be taxed with the costs expended by Veith in these proceedings, including the $25 expert fee.

Upon the return day of the rule, the finance company and McBride appeared and filed exceptions (1) that the proceeding was improperly brought as it is not accompanied by a petition and citation; (2) that there was pending, at the time of the filing of the rule, a suit in the Civil District Court involving the identical question to be determined by the court and (3) that said rule disclosed no right or cause of action.

After hearing arguments on these exceptions, the trial judge sustained the exception of no right or cause of action of the surety McBride and the exception of lis pendens of the finance company and ordered a dismissal of the rule in its entirety.

We first direct our attention to the action of the lower court in maintaining the exception of no right or cause of action of the surety McBride. This exception is based upon the theory that the sequestration bond neither protected the defendant Veith for the costs of court he expended nor was it a forthcoming bond for the return of the automobile but that, on the contrary, the sole obligation of the bondsman was to pay all damages suffered by the defendant in the event it was determined that the writ had been wrongfully issued.

■ The exception is well founded. The writ of sequestration issues as a mere incident to the main demand. Under Art. 276 of the Code of Practice, the party obtaining it must give his obligation with solvent surety in favor of the defendant, for such sum as the court shall determine, to be responsible for such damages as the defendant may sustain in case the sequestration is wrongfully issued. The surety on a sequestration bond does not contract to become liable for the costs expended by

the defendant in resisting the main demand. The defendant's right of recovery against the bondsman is limited to the costs and expenses or other damages to which he was subjected in consequence of the unjust order.

■ The costs in the instant case, sought to be taxed against the surety McBride, are the expenses incurred by Veith in defense of the main demand in the case and have no relation whatsoever to the issuance of the conservatory writ.

■ The same result is manifest in respect to the claim against the surety for the return of the automobile and the alternative plea for judgment in the sum of $225 (in case the finance company is unable to deliver the car to Veith). The obligation signed by McBride is not a forthcoming bond and, as a matter of fact, the finance company did not gain possession of the automobile by virtue of the issuance of the writ of sequestration. Indeed, the record reveals that, when the writ issued, Veith bonded the seizure and retained the use and enjoyment of the car until the judgment of the trial court on the main demand became executory. It was not because of the issuance of the conservatory writ that he lost possession of the car. On the contrary, the automobile was delivered by him to the constable, in compliance with the terms and conditions of the forthcoming bond given by him, when, by final judgment of the First City Court on the main demand, it was determined that the finance company was the owner of the vehicle. Veith was unable to appeal suspensively from this judgment. Hence, when it became executory, the finance company would have been entitled (had Veith failed to comply with the judgment) to the issuance of a writ of possession for the automobile. His predicament was brought about by his inability to furnish a suspensive appeal bond and his position would have been exactly the same if the writ of sequestration had never been applied for and issued.

The remaining question in the case relates to the exceptions filed by the General Finance Company. The only one of these pleas which merits discussion is the exception of lis pendens which was maintained by the trial court.

Counsel for the finance company argues that the pendency of the suit for damages filed by Veith in the Civil District Court operates as a bar to the present rule because the claim he is attempting to recover

here is identical with some of the items of damage asserted in the other action.

Art. 94 of the Code of Practice declares:

"The same cause cannot be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed. The judge before whom the action is first brought shall sustain his jurisdiction, and the defendant shall be entitled to have the cause dismissed in the other suit or by the other court, and to recover costs. Nevertheless, if the defendant, instead of claiming to be dismissed, should answer in the actions so brought against him, the judgment first rendered shall be valid and executory. Proceedings shall be stayed in the other suit or in the other court, as the case may be, and the plaintiff dismissed after paying the costs."

The suit brought by Veith in the Civil District Court against the finance company is one for damages allegedly incurred by him because of the wrongful issuance of the writ of sequestration. It is true that he has listed, among his items of claimed damage, the costs expended by him in these proceedings but these costs, which were awarded him by our decree, cannot be recovered in a separate suit and it is only proper that they be taxed in the trial court where the action was initiated. See Arts. 617, 618, 619, 623 and 915 of the Code of Practice. See, also, Larcade et al. v. Iseringhausen et al., 150 La. 1044, 91 So. 505.

In Casey v. H. Abraham & Son, 113 La. 581, 37 So. 484, the Supreme Court observed:

"The costs for which a party cast in a suit is liable cannot be liquidated and recovered in a direct action brought against him in the district court of his residence. They must be taxed in the original suit in the course of which they were incurred, and enforced through the court in which the suit was brought."

See, also, Price v. Town of Ruston, La. App., 148 So. 512.

Notwithstanding the foregoing, counsel for the finance company insists that the action pending in the Civil District Court wherein the same items are claimed operates as a bar to the rule taken herein. We do not think so. In order for lis pendens to be successfully pleaded, the parties to the suit must be the same and both causes of action must be identical. The cause of action of Veith in the suit pending in the district court is for damages he incurred by reason of the wrongful issuance of the writ. The rule which he has taken in these proceedings is for the taxation of the costs awarded him and for the execution of the final judgment in his favor. The causes of action are therefore not the same. The fact that Veith has erroneously included in his demand in the district court the costs, which have already been adjudicated to him, is of no moment as they could never be recovered in that proceeding for the reasons hereinabove pointed out.

With respect to the claim in the damage suit for the value of the automobile, it is obvious that a money judgment could not be rendered therein against the finance company if it complies with the decree of this court. Therefore, the demand for the value of the car in that suit cannot be said to be identical with the demand here for the execution of our decree.

The trial court erred in sustaining the plea of lis pendens and it is hereby overruled.

For the reasons assigned, the judgment of the First City Court sustaining the exception of no right or cause of action of Richard T. McBride is affirmed but its judgment maintaining the plea of lis pendens of the General Finance Company of Louisiana, Incorporated, is reversed and it is now ordered, adjudged and decreed that this cause, insofar as it applies to said General Finance Company of Louisiana, Incorporated, be remanded to the First City Court of New Orleans for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal to be paid by the General Finance Company of Louisiana, Incorporated, other costs to await the final determination of the case.

Affirmed in part. Reversed and remanded in part.