ARMSTRONG, Judge.
Appellant, Lawrence A. Milly, appeals from a judgment dismissing Claire H. Martin as a named defendant in his suit to recover attorneys fees due him on an open account.
Appellee, Claire H. Martin is the presi-dentrsecretary of ADF Services of Louisiana, Inc., (“ADF”), a Louisiana Corporation doing business as a security service provider. In 1983 ADF assigned a guard to provide security services at the St. Charles Avenue Branch of Central Savings and Loan Association (“Central”). Subsequently, the ADF security guard forged, and cashed certain Central’s Travellers Checks in the amount of $16,500.00. Central and its insurer, in an attempt to recover the funds, sued ADF and named Mrs. Martin and another corporate officer, Eileen Dupre, as co-defendants. Mrs. Martin hired attorney Lawrence A. Milly to represent ADF, herself and Ms. Dupre in the suit. The case was compromised and settled prior to trial. Mr. Milly billed Mrs. Martin and ADF on an open account for the $942.50 balance due him in attorney fees. ADF, however, was insolvent and Mrs. Martin refused to personalty cover the debt. Mr. Milly then sued ADF and Mrs. Martin claiming that both defendants are jointly and solidarity indebted to him for $942.50.
After a hearing on the merits, First City Court rendered judgment in favor of Milly and against ADF for the full sum of $942.50, together with legal interest from the date of judicial demand until paid, plus 25% attorney’s fees and costs. In addition judgment was rendered dismissing Mrs. Martin as a named defendant. Appellant appeals from that judgment.
Appellant contends that Mrs. Martin hired him to represent her individually in the suit and that she also hired him to represent the other defendants, ADF and Dupre. He asserts that attorneys fees would be due from both ADF and the individual defendants.[1]
Mrs. Martin argues that she at all times acted in her capacity as a corporate officer in the hiring of appellant and thus cannot be held liable for a debt of the corporation. In support of her position, Mrs. Martin cites several cases standing for the well established legal tenet that a corporate officer cannot be held liable for a corporation debt unless he expressly agrees to be bound. Orleans Shoring Company, Inc. v. J.B. DeVillentroy, 92 So.2d 274 (La.App. Orleans1957); Air Waves, Inc. v. W.T. Link, 89 So.2d 422 (La.App. 1st Cir.1956); LaParie v. Tortora, 62 So.2d 660 (La.App. Orleans1953).
While we agree that Mrs. Martin, in her capacity as a corporate officer, cannot be held liable for those debts incurred by ADF, the issue before us is whether there existed a personal contractual relationship between Mrs. Martin and her attorney, which was separate from that established by her corporate status.
When one employs a lawyer for professional services and the amount or measure of the lawyer’s fees is not expressly agreed upon, there is a contract, including an implied promise to pay the lawyer the value of those services. Schaff v. Landers, 355 So.2d 289 (La.App. 4th Cir.1978). However, an attorney is not entitled to receive compensation from anyone but his client, no matter how valuable his services. *632 Lyons v. City of Shreveport, 339 So.2d 466 (La.App. 2d Cir.1976).
We note initially that in Central’s suit from which this case was generated Central sued Mrs. Martin both in her capacity as a coporate officer and in her capacity as an individual. The suit was entitled:
“Central Savings and Loan and Insurance Company of North America v. Herbert Walton, Jr., ADF Security Guard Service, Inc., ADF Security Guard Service, Partnership, Claire Martin, d/b/a ADF Security Guard Service, Eileen Dupre, d/b/a ADF Security Guard Service, Claire Martin, individually, and Eileen Dupre, individually.
At trial, Attorney Milly testified that Mrs. Martin had hired him to represent her personally because she was worried about how the outcome of the suit might affect her personal property. Mrs. Martin acknowledged at the hearing that she had hired Milly to represent both herself and Eileen Dupre individually and that she also hired him to represent ADF. She also admitted that a balance was still owed to Milly as his fee compensation. In addition Mr. Milly submitted his bill to Mrs. Martin in care of ADF.
In his closing argument at trial, counsel for Mrs. Martin did not argue that Mrs. Martin was free of any obligation to Mr. Milly, but rather urged that the debt should be apportioned equally between the three defendants. Counsel asserts that, Mrs. Martin’s obligation would be for a maximum of ⅛ of the debt.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973); Arcen-eaux v. Domingue, 365 So.2d 1330 (La. 1979).
In this case given the testimony and the evidence presented we do think that the trial court’s determination that Mrs. Martin was not personally liable for attorneys fees is manifestly erroneous. In our opinion the record clearly supports Appellant’s arguments that a contractual relationship existed between him and Mrs. Martin separate from that established by Mrs. Martin’s corporate status.
With regard to appellant’s claim that the defendants are jointly and solidarily obligated to appellant for the full amount of attorney’s fees, we conclude that Mrs. Martin is jointly liable with ADF for such fees.[2] LSA C.C. Art. 1788.
The evidence does not support a finding that Mrs. Martin intended to be held solidarily liable to appellant for his legal representation. We note that the solidarity of an obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties or from the law. LSA C.C. art. 1796. Hence, the apportionment of joint liability must be limit-ed to ADF and Mrs. Martin.
For the foregoing reasons we reverse that part of the trial court’s judgment dismissing Mrs. Martin as a named defendant in appellant’s suit to recover attorney fees. Accordingly, ADF is liable to appellant for one-half of $942.50 ($471.25) together with legal interest from the date of judicial demand until paid, plus 25% attorney’s fees and costs. Mrs. Martin is liable to appellant for one-half of $942.50 ($471.25) together with legal interest from the date of judicial demand until paid plus 25% attorneys fees and costs.
REVERSED IN PART AFFIRMED IN PART AND AS AFFIRMED AMENDED

. Appellant did not sue Eileen Dupre for attorneys fees though he purportedly represented her, Mrs. Martin and ADF.

. Because appellant did not sue Mrs. Dupre in First City Court for attorney’s fees the apportionment of joint liability must be limited to ADF and Mrs. Martin.