h MURRAY, Judge.
Curry & Friend, A Professional Law Corporation, appeals a judgment of the trial court maintaining an exception of prematurity filed by Susette Marie Weiss. For the following reasons, we affirm the portion of the judgment maintaining the exception of prematurity as to fees, but reverse as to the issue of costs and expenses, and remand to the trial court for further consideration.

FACTS:

On November 16, 1994, Susette Marie Weiss consulted with an associate of the appellant law firm, Guy C. Curry, about possible representation of her for claims of employment discrimination. At that time, Ms. Weiss was still employed by Nikon, Inc. According, to the facts set forth by Curry & Friend, after discussing the merits of Ms. Weiss’ claims, on November 23 she was presented with a retainer agreement, which was fully read and explained to her by Mr. Curry. Ms. Weiss executed the contract.
|2In the following days, Mr. Curry prepared two lawsuits on behalf of Ms. Weiss, one which was filed in the United States District Court for the Eastern District of Louisiana, and the other in the Civil District Court for the Parish of Orleans. Curry & Friend contends that over the course of the next several months, Ms. Weiss repeatedly called to ask questions concerning her pending suits, and to ask other questions regarding legal matters not originally covered by the retainer agreement. Mr. Curry carefully documented all time expended and expenses incurred for all work performed for Ms. Weiss.
In late March or early April of 1995, Ms. Weiss contacted Mr. Curry with questions regarding social security disability payments. According to Curry & Friend, Ms. Weiss was not pleased with the advice offered by Mr. Curry, at which time Mr. Curry advised Ms. Weiss that perhaps she should either accept his advice, allow him to contact another attorney for a consultation, or, contact the Louisiana State Bar Association Lawyer Referral Service for the name of an attorney with whom she could consult. Ms. Weiss opted to contact the Bar Association, and subsequently retained the services of other counsel for all potential claims she might have against her former employer.[1]
By letter, Ms. Weiss requested that Curry & Friend inform her of all outstanding costs and fees arising from its representation. She indicated that she would review the statement, then contact the firm to discuss payment. Because no payments were forthcoming, in July of 1996, Curry & Friend filed a petition on open accourit/petition for damages against Ms. Weiss, seeking payment for *977 legal services rendered and costs incurred from November 16, 1994 through June 27, 1995. An answer and various exceptions and motions were filed by Ms. Weiss in ^response to the petition. After a hearing on June 13, 1997, the trial court granted her exception of prematurity, dismissing Curry & Friend’s lawsuit, without prejudice. This appeal followed.

DISCUSSION:

Curry & Friend claims that the retainer agreement which Ms. Weiss signed was not a true contingency contract, but was a hybrid of a contingency fee and hourly rate contract. We disagree.
The retainer agreement which Ms. Weiss entered into clearly states that it is a “CONTINGENT FEE CONTRACT under La.R.S. 37:218.” By definition, a contingent fee is one which is collectable upon recovery by the client. In this ease, there is no evidence that Ms. Weiss has recovered anything from either the state or federal court suit filed by Curry & Friend.
Curry & Friend argues that despite the above quoted language contained in the retainer agreement, the agreement also includes provisions for the law firm to be paid if Ms. Weiss fires it, dismisses her lawsuits without the firm’s consent, or if the law firm chooses to withdraw. It contends that courts have recognized hybrid contracts, that is, ones in which retainer agreements contain both contingent fee language and hourly rate language in the event the firm is terminated. Anderson, Hawsey & Rainach v. Clean Land Air Water Corp., 489 So.2d 928 (La. App. 5 Cir.1986). In that ease, the Fifth Circuit held that an hourly fee provision providing for payment at the time of termination, prior to collection and/or recovery of any kind, was valid and enforceable.
The contract in question in Anderson provided that “[t]he clients or the attorneys may terminate this agreement at any time. If there is a termination of employment before collection of any sums of money or the recovery of any ^property, the clients jointly, severally, and in solido agree to pay the attorneys for all of their time expended ... at the attorneys]/] normal and usual hourly rates_” The major difference between Anderson and the case sub judice is that the Curry & Friend contract does not set forth when the fees are collectable. The trial court was also cognizant of this difference stating, “I know there’s a conversion clause that says that it can go to two hundred bucks an hour, but even that clause doesn’t state at what time that becomes paid. One can read into that since it was a contingency fee contract to begin with that it becomes paid at the time the case is resolved, because there is no fixed time.”
Curry & Friend claims that the trial court erred in not allowing it to introduce parol evidence to support its position. It attached to its memorandum in opposition to Ms. Weiss’ motions and exceptions, an affidavit executed by Guy Curry, explaining the circumstances surrounding the signing of the retainer agreement. We agree with the trial court that the retainer agreement is clear and unambiguous, and therefore, parol evidence is inadmissible. Delaney v. Whitney Nat’l Bank, 96-2144, p. 6 (La.App. 4 Cir. 11/12/97), 703 So.2d 709, 715.
We also find no error in the trial court’s dismissal of the lawsuit without allowing Curry & Friend to conduct any further discovery. Because the contract is clear and unambiguous, there is nothing to be discovered which would be admissible to change the ruling on the exception of prematurity.
We do find error in the trial court dismissing the lawsuit, without prejudice, with regard to costs and expenses. The retainer agreement provides that Ms. Weiss will “advance all costs and expenses necessary to prosecute said claims to a proper conclusion.” Curry & Friend could advance the costs, however, Ms. Weiss agreed to pay the costs within fifteen days of billing. Thus, according to |5the retainer agreement, Ms. Weiss is obligated to pay the costs and expenses incurred by Curry & Friend. The retainer agreement contains a blank which presumably should have been filled in with an amount paid by Ms. Weiss as a retainer for costs and expenses. The record does not reflect if Ms. Weiss paid any amount , as a retainer. We must, therefore, remand this *978 case to the trial court to determine the proper amount of costs and expenses, and to determine if a retainer was paid so that proper credits can be made.[2]
Accordingly, we affirm in part the judgment maintaining the exception of prematurity with regard to fees, reverse in part with regard to costs and expenses, and remand for a hearing in accord with this opinion. The costs of this appeal are to be borne equally.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

. In late March, Ms. Weiss was terminated by Nikon, Inc.

. We note that Ms. Weiss is being billed for the filing cost of the suit in federal court. However, it appears that the federal court suit was premature because of Curry & Friends’ failure to first exhaust the administrative remedy and obtain a Right to Sue Letter. Ms. Weiss should not therefore be responsible for those costs.