**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-31293
_____

WORLDWIDE REMEDIATION, INC.

Plaintiff-Appellee

versus

ONEBANE, BERNARD, TORIAN, DIAZ
MCNAMARA & ABELL LAW FIRM

Intervenor Plaintiff-
Appellant

versus

PETROLEUM HELICOPTERS, INC.

Defendant-Appellee.

_____

Appeal From The United States District Court
for the Western District of Louisiana
_____

May 22, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

WIENER, Circuit Judge:

The Civilian doctrine of compensation, codified in Louisiana as article 1893 of the Civil Code, provides, as a general rule, that when two persons owe each other reciprocal obligations payable in money (or quantities of fungible things identical in kind), and these sums (or quantities) are liquidated and presently due, both obligations are extinguished by operation of law to the extent of the lesser amount. If compensation applies in this case, then when the district court simultaneously rendered partially offsetting

money judgments —— the <u>first</u> in favor of Plaintiff-Appellee Worldwide Remediation, Inc. ("Worldwide") against Defendant-Appellee Petroleum Helicopters, Inc. ("PHI") for $32,200, and the <u>second</u> in favor of PHI on its counterclaim against Worldwide for $437,836 —— PHI's $32,200 debt to Worldwide would be extinguished and Worldwide's $437,836 debt to PHI would be reduced by $32,200 to $405,636. We conclude that compensation is applicable under these circumstances.

Nevertheless, compensation cannot take place if its application would prejudice "rights previously acquired by third parties."[1] This case turns, then, on whether, as a matter of law, any rights of the Intervenor-Plaintiff-Appellant, the law firm of Onebane, Bernard, Torian, Diaz, McNamara & Abell ("Onebane"), in the judgment rendered in favor of Worldwide, its former client, were acquired prior to the existence of that judgment, thereby precluding that compensation. Convinced that any right of Onebane in that judgment was not previously acquired, we hold that the reciprocal judgment debts of Worldwide and PHI were extinguished by compensation to the extent of Worldwide's judgment, and affirm the ruling of the district court to that effect.

## I.

### FACTS & PROCEEDINGS

PHI entered into a contract with Worldwide, obligating

---

[1]La. Civ. Code art. 1899.

2

Worldwide to perform waste remediation services at PHI's helicopter base site in Vermilion Parish, Louisiana. After PHI ordered Worldwide to stop performing work under the contract, Worldwide hired Onebane to file suit in district court against PHI for breach of contract. The gravamen of Worldwide's complaint was that PHI had prematurely terminated the contract and was liable for the loss suffered by Worldwide as a result of PHI's actions. PHI answered Worldwide's suit and filed a counterclaim asserting, in essence, that Worldwide had not performed the contract in a workmanlike fashion and was therefore obligated to refund all payments that PHI had made to Worldwide under the contract.

After the suit had been pending for over six months, Worldwide terminated its relationship with Onebane and engaged another law firm, Perret, Doise ("Perret"), to prosecute the suit against PHI. Onebane repeatedly asked Worldwide to pay for the legal services that it had rendered. When these demands proved to be ineffectual, the court permitted Onebane to intervene in the Worldwide-PHI lawsuit to assert a special privilege, pursuant to La. Rev. Stat. § 9:5001, on any judgment that might be rendered in favor of Worldwide.

After a bench trial, the district court ruled that (1) PHI had not remunerated Worldwide for demurrage and equipment rental, the combined value of which was $32,200, and (2) Worldwide had not performed work under the contract satisfactorily, as a result of which Worldwide was obligated to return the $437,836 that PHI had

3

paid for Worldwide's services.

After the court issued its ruling, Onebane, PHI, and Perret filed post-trial motions regarding the propriety of setting off the $32,200 judgment that PHI owed to Worldwide against the $437,836 judgment that Worldwide owed to PHI. Both PHI and Perret urged that the reciprocal obligations of PHI and Worldwide should be set off to the extent of the lesser sum, leaving Worldwide with an obligation to pay PHI the difference of $405,636. Onebane countered that its previously acquired right to collect its fee from the judgment in Worldwide's favor would be prejudiced if the judgments were offset, thereby pretermitting compensation and requiring Worldwide and PHI to pay each other.

Relying in the alternative on the Civilian doctrines of confusion and compensation, the district court entered a clarification of judgment, explaining that the reciprocal obligations of PHI and Worldwide were extinguished by operation of law to the extent of the smaller obligation. The court rejected Onebane's contention that its rights, as the holder of a special privilege for attorneys' fees on any judgment rendered in Worldwide's favor, were previously acquired and would be prejudiced by allowing the offset, thereby preventing application of compensation. The court concluded that when it rendered the judgments simultaneously, the offset occurred <u>ipso</u> <u>facto</u>, so that there was no judgment in Worldwide's favor to which Onebane's

4

attorneys' fee privilege could attach.  Onebane timely appealed.[2]

## II.

### ANALYSIS

A.    Jurisdiction & Standard of Review

Jurisdiction in the district court was based on diversity of citizenship.[3]  We have appellate jurisdiction over final judgments of the district courts pursuant to 28 U.S.C. § 1291.  The relevant facts are not disputed; and this appeal presents but a single question of law which, we review de novo.[4]

B.    Merits

  1.  Confusion

Article 1903 of the Louisiana Civil Code states that "[w]hen the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion."[5]  When, for example, a son borrows money from his father, making the son the obligor and his father the obligee, and, thereafter, while the debt remains unpaid, the father dies and the son as heir or legatee succeeds to his father's rights as obligor, the son becomes both obligor and obligee as to that debt by operation of law, extinguishing the debt

---

[2]No party has appealed from the underlying contract dispute.

[3]See 28 U.S.C. § 1332.

[4]See Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998) (conclusions of law entered after bench trial subject to de novo review).

[5]Emphasis added.

5

by confusion.  Note that, in this example, there is only one obligation, and the status of both the father (obligor) and of his son (obligee) relate to that solitary obligation.

Not so in the instant case.  When the district court rendered judgment, Worldwide and PHI were both obligor and obligee of each other, but neither party was both obligor and obligee with respect to any one obligation.  Rather, for both parties, the status of obligor related to one obligation and that of obligee to another. As Civilian scholars have explained, in such a situation the doctrine of compensation might apply, but confusion cannot because "in the case of confusion there is only one credit to extinguish."[6] This conclusion squares with the language of article 1903, which makes reference to a singular obligation.  We hold, therefore, that the doctrine confusion is inapplicable.

2.  <u>Compensation</u>

In what has been referred to as more of a description than a definition,[7] the Louisiana Civil Code sets forth the general rule of compensation as follows:

> **Art. 1893.  Compensation extinguishes obligations**
> Compensation takes place by operation of law when

---

[6] 2 PLANIOL, TRAITE ELEMENTAIRE DE DROIT CIVIL pt. 1, ch. V, no. 598, at 326 (La. St. L. Inst. Trans., 11th ed. 1959); <u>see also</u>, Aubry & Rau, *Droit Civil Francais, in* 1 Civil Law Translations § 330 at 257 n.2 (1965) ("In contrast to compensation, which extinguishes two debts by respective payment, the confusion extinguishes only one obligation").

[7] SAUL LITVINOFF, OBLIGATIONS § 19.1, AT 641 (5 LOUISIANA CIVIL LAW TREATISE 1992).

two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount. . . .

In this case, Worldwide and PHI each owed the other a sum certain which became liquidated and presently due, at the very latest, when the court rendered the partially offsetting judgments. If Article 1893 applies, then by operation of law the reciprocal judgments would be extinguished to the extent of the smaller one, i.e., Worldwide's $32,200 judgment against PHI, at the moment they were rendered.

Onebane nevertheless insists that compensation cannot occur here. Its argument rests on article 1899 of the Civil Code, which provides that compensation cannot take place when its application would prejudice "<u>rights previously acquired</u> by third parties."[8] Onebane reasons that when it intervened and asserted its right to be paid the liquidated amount of its attorneys' fees, it acquired a vested right in any judgment its former client might eventually obtain in that lawsuit. Given both the general rule of compensation in article 1893 and the exception to that rule in article 1899, we arrive at the decisive issue in this appeal: whether Onebane holds a previously acquired right in one of the offsetting obligations, precluding compensation.

---

[8]The full text of article 1899 is as follows: "Compensation can neither take place nor may it be renounced to the prejudice of rights previously acquired by third parties."

Onebane advances that its right —— more accurately, its "special privilege" —— to have its attorneys' fees paid from the $32,200 judgment rendered in Worldwide's favor is a right conferred by statute.  Specifically, Onebane cites to § 5001 of the Civil Code Ancillaries, La. Rev. Stat. § 9:5001:

**§ 5001.  Privilege for fees**
    A.    A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all <u>judgments</u> obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
    B. [omitted][9]

Onebane maintains that its privilege was "a legally perfected" interest prior to the time that the judgment was rendered in the principal litigation and that it had "vested rights" in any judgment thereafter rendered in favor of its former client.  A critical examination of the relevant statute and jurisprudence reveals, however, that Onebane's "right" in the judgment was at best inchoate; there was nothing to which its privilege could attach until a judgment was rendered in Worldwide's favor.  Prior to that time, Onebane's only interest was a mere expectancy, which would not vest at all unless Worldwide obtained a judgment; it could not ripen into a "legally perfected" right unless a judgment were actually rendered in favor of Worldwide, and then only when that judgment was rendered.  Before that, Worldwide had only a cause of action, and alone that will not support the statutory

---

[9]Emphasis added.

8

privilege. Only when, as a novation, the claim is transformed into a judgment is there anything to which the privilege can attach. Onebane has cited us no authority for the special privilege to relate back, nunc pro tunc, to any occurrence prior to the judgment, and we have found none on our own.

The plain language of § 9:5001 compels this conclusion, granting a privilege in "judgments" only. The jurisprudence construing § 9:5001 and its predecessors uniformly holds that no statutory privilege arises on a judgment not yet in existence,[10] and that "extend[ing] the scope and effect of the statute in order to recognize a lien not embraced in its terms" would be inappropriate.[11]

At the earliest, Onebane's special privilege attached to the judgment in Worldwide's favor at the moment it was rendered by the

---

[10]See Calk v. Highland Construction & Mfg., 367 So. 2d 495, 497 (La. 1979) ("R.S. 9:5001 creates a special privilege to assist the attorney in collection of his fee only from a judgment and the property recovered by virtue of such a judgment. It simply does not relate to the proceeds of a settlement."); Smith v. Vicksburg, S. & P. Ry. Co., 36 So. 826, 829 (La. 1904) ("'We know of no law giving an attorney at law a privilege on a judgment not yet in existence.'" (quoting Rind v. Hunsicker, 24 La. Ann. 572 (1872)); see also Davis Finance & Securities Co., Inc. v. O'Neal, 160 So. 463 (La. App. 1935) (discussing the history of the statute granting a special privilege to attorneys at law).

[11]Smith, 36 So. at 828; see also Calk v. Highland Construction & Mfg., 367 So. 2d 495, 497 (La. 1979) ("'The statute in terms confers 'a special privilege in favor of attorneys at law on all judgments obtained by them.' Privileges are stricti juris, and cannot be extended by inference to other objects than those mentioned in the statute granting them.'" (quoting Weil v. Levi, 3 So. 559 (1888)).

9

district court. No later than at that very instant liquidated and presently due reciprocal money obligations existed between Worldwide and PHI.[12] Consequently, Onebane's "right" was not one that had been <u>previously acquired</u> — at best, Onebane's right came into existence simultaneously with the offsetting judgments which themselves were susceptible of extinction by compensation.[13]

We hold that Onebane acquired no right in its former client's judgment prior to the rendering of the judgments in favor of Worldwide and PHI, and that the judgment in favor of that former client, Worldwide, was extinguished by compensation at a time when Onebane did not have a <u>previously</u> <u>acquired</u> privilege in and to that judgment.

## III.

### CONCLUSION

For the forgoing reasons, the judgment of the district court

---

[12]PHI argues that the reciprocal obligations between it and Worldwide were liquidated and presently due before the district court rendered judgment; however, even if we assume that the debts were liquidated and presently due for the first time when judgment was rendered — an assumption that gives Onebane's argument its best chance of success — Onebane's claim cannot succeed: A tie will not do it. We therefore find it unnecessary to determine exactly when PHI and Worldwide's debts became liquidated and presently due.

[13]<u>Cf.</u> <u>Arkla, Inc. v. Maddox & May Brothers Casing Service, Inc.</u>, 671 So. 2d 1220 (La. App. 1996) (compensation extinguished reciprocal obligations before lien was perfected; thus, there was no property to which lien could attach); <u>Continental Casualty Co. v. Associated Pipe & Supply Co.</u>, 447 F.2d 1041, 1062 (5th Cir. 1971) (construing predecessor to La. Civ. Code art. 1899).

is

AFFIRMED