GULOTTA, Judge.
Defendants appeal from a judgment certifying as a class action, a suit by active and retired firefighters of the Fire Department of the City of New Orleans seeking to compel the Civil Service Commission to amend its rules to provide annual and sick leave to employees of the Fire Department based on an average fifty-six (56) hour week rather than a forty-eight (48) hour week.
The Civil Service Rules, effective June 20, 1976, provide that time and a half overtime will be paid when a fireman works in excess of twelve consecutive hours in a day or in excess of forty-eight hours a week. *340 Rule IV, Section 10.2(c) [1] The rules further provide that annual leave in excess of twenty-one days in a calendar year, sick leave and city holidays will not be computed in the amount of hours worked for the purpose of determining overtime. Rule IV, Section 10.4.[2] According to plaintiffs, since a fireman is required to work a (60 hours), (60 hours), (48 hours) work week cycle (or a fifty-six average hour work week), computation for annual leave, sick leave and pensions should be based on a fifty-six hour per week pay scale and not the forty-eight hour per week as determined by the Civil Service Commission.
Plaintiffs claim that the Civil Service Overtime Rules violate both La.R.S. 33:1995,[3] which provides firefighters entitlement to “full pay ” during sickness and incapacity, and Article X, Section 10 of the 1974 Louisiana Constitution,[4] which provides for a “uniform pay plan ” for all city civil service employees.
The plaintiffs in this case are, 1) the New Orleans Fire Fighters Union, Local 632, which represents 99.5% of the active firemen and 250 retirees; 2) Clarence Perez, the President and Chief Executive Officer of the Union; 3) Wallace F. Weigand, Robert Fernandez and George Flanagan, active firefighters who have been classified as “on duty injured” since the implementation of the Civil Service Rule; and 4) Armand R. Sider and Frederick J. Laborde, retired firefighters who had been classified as “on duty injured” before retirement (when the rule was in effect) and who are presently receiving disability pensions. Plaintiffs allege in the class action that sick leave, annual leave and pensions of firefighters have been reduced as the result of the Civil Service Rule changes.
Defendants, on the other hand, contend that because of the “nature and complexity of the various types of benefits involved in this case”, plaintiffs’ suit is not the proper subject of a class action. Relying on Louisiana Code of Civil Procedure articles 591 and 592,[5] defendants claim that the rights sought to be enforced by plaintiffs are not common to all members of the class and that they are not representative of all members of the class.
*341 According to defendants, one of the plaintiffs, a union, is seeking to represent those firemen who are not members of the union. Defendants further claim retired firefighters are seeking to represent active firefighters; and conversely, active firefighters are attempting to represent retired firefighters. Defendants contend, therefore, this matter involves different legal and factual issues and consists of at.least three readily identifiable groups whose claims are separate and distinct. Under these circumstances defendants claim this matter should not be certified as a class action. We do not agree.
Louisiana recognizes only the “true” class action as distinguished from the “spurious” or “hybrid” class action in the federal system. See Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975); Williams v. State, 350 So.2d 131 (La.1977). In the Stevens case the Supreme Court certified as a class action a suit brought by a retired member of the Shreveport Police Department on his own behalf and on behalf of former members of the department seeking a refund of compulsory contributions made during employment. Further, in the Williams case the Supreme Court recognized that a class action could be filed in a mass tort suit where six hundred prisoners allegedly had suffered varying degrees of damages resulting from the tort.
In State ex rel. Guste v. General Motors Corp., 354 So.2d 770 (La.App. 4th Cir., 1978), writ granted, 356 So.2d 1005 (La.1978), this court in a deceptive trade practice case concluded that the Attorney General had a right to seek injunctive relief, in a class action, where Chevrolet engines were installed in Oldsmobile automobiles and sold to Louisiana consumers in Louisiana. The Louisiana Supreme Court on April 9,1979 affirmed this court’s judgment in the General Motors suit. See Docket No. 61840 of the Supreme Court of Louisiana, 370 So.2d 477.
The majority of the Supreme Court in the recent General Motors suit, taking a “functional and pragmatic” approach, concluded that the class action was more useful than other procedures for the determination of the rights claimed by the parties. Recognizing that one thousand four hundred sixty-seven purchasers of automobiles, in separate suits, would pose a risk of inconsistent adjudications and that separate suits would unduly burden the courts, the Supreme Court permitted the use of a class action. Also considered by the Supreme Court in the determination of whether or not a class action is permissible in the General Motors suit was that the claims of members of the class appeared to be relatively small and would not be sought in individual litigation except through the class action. The Court pointed out further that the anticipated defenses were generally applicable to the entire class and the questions of law were common to class members.
Applying the criteria as set forth in Stevens, Williams and General Motors, we conclude, as did the trial judge, that the instant suit is a proper subject for a class action. Although the class action in our case is brought by active and retired firemen, it appears that the effect on both will be similar, depending on each individual’s work record and depending on the judicial determination of the validity or invalidity of the Civil Service Commission Rules.
We view the circumstances of the instant case as being more similar to the circumstances of Williams and the General Motors cases. Depending upon the judicial determination of the rule, a determination of the rights of each of the firefighters, whether retired or active, can be determined by a simple accounting procedure. Accordingly, we conclude the requirements for a class action have been met.
In reasons for judgment the trial judge stated:
“The court believes that the suit herein is a bona-fide class action. The City of New Orleans argues very strenuously that the matter of proof in this class action would be extremely difficult. This court does not believe it would be any more difficult to try than if one suit had *342 been filed and the other parties filed each separate suit and the matters were then consolidated.”
We agree.
Furthermore, we find no merit to the city’s oral argument that if time and a half is paid for work hours in excess of 48 hours under the new Civil Service Commission Rule, and the rule was subsequently held invalid, a fireman could be required to refund to the city the amount overpaid in wages, without individual representation of that fireman.
This question addresses itself to whether or not the Constitutional Due Process requirements of notice and opportunity to be heard will have been met in a class action suit. It is true that in any class action suit the judgment will bind all members of the class whether or not they were served or joined as parties. LSA-C.C.P. art. 597.[6] As was stated by the Supreme Court in Williams, supra, despite lack of statutory requirements of notice to members of the class sought to be represented, due process requires that at some stage of the proceedings, preferably in the early stages, all identifiable prospective members of the class must “. . .be given reasonable notice of the pendency of the litigation and the opportunity to opt out of or join in the class action. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). See also Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).” Because of these requirements, as set forth in Williams, (which presumably will be met) we reject the city’s inferential due process argument.
The judgment is affirmed.

AFFIRMED.

. Rule IV, Section 10.2(c) reads:
“Overtime compensation will be paid to nonexempt uniformed fire personnel who work a 48 hour week at time and one-half the employee’s hourly rate to apply for all hours worked in excess of 12 consecutive hours in a shift or 48 hours in a week.”

. Rule IV, Section 10.4 reads:
“Annual leave in excess of 21 days in a calendar year, sick leave and official city holidays will not be counted as hours worked toward computation of overtime at the end of the regular work week; however, civil leave will be counted toward overtime computation at the end of the regular work week.” (Amended, 7/8/76)

. R.S. 33:1995 reads:
“Every fireman if the employee of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks. As amended Acts 1962, No. 132, § 1.”

. Article X, Section 10 of the 1974 Louisiana Constitution states:
“Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan;

.LSA-C.C.P. articles 591 and 592 read as follows:
“Art. 591. Prerequisites.
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.”
“Art. 592. Representation.
One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.”

. LSA-C.C.P. article 597 reads as follows:
“Art. 597. Effect of judgment.
A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate representation of all members of the class.”