# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**BY GUIDRY, J.**:

2014-CC-1708     THELMA AISOLA v. LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION (Parish of St. Bernard)

For these reasons, we find the doctrine of lis pendens applies to the plaintiffs' individual actions even though they were not named parties or joined in the first-filed class actions. Accordingly, the trial court erred in denying the defendant's exception of lis pendens as to plaintiff's Oubre, Orrill, Press, and Christenberry claim. The court's ruling overruling the exception of lis pendens is hereby reversed, and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

JOHNSON, C.J., concurs in result.

SUPREME COURT OF LOUISIANA

No. 2014-CC-1708

THELMA AISOLA

VERSUS

LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION

ON SUPERVISORY WRITS TO THE THIRTY-FOURTH JUDICIAL
DISTRICT COURT FOR THE PARISH OF ST. BERNARD

**GUIDRY, Justice**

Plaintiffs, alleging to be putative class members of multiple class actions, have filed their own individual suits against the defendant, Louisiana Citizens Property Insurance Corporation (Citizens).  Citizens excepted on grounds of prescription and *lis pendens*.  At issue is whether the doctrine of *lis pendens* bars plaintiffs' suits where the plaintiffs were not named parties in the first-filed class actions.  For the reasons set forth below, we find the trial court erred in overruling the defendant's exception of *lis pendens*.

FACTS

Plaintiffs were residents of, and owned homes in, St. Bernard Parish at the time Hurricane Katrina came ashore on August 29, 2005.  Their properties were insured under policies of all-risk or homeowners insurance by the defendant. Plaintiffs originally filed suit against Citizens on December 3, 2009, seeking contractual and bad faith damages arising out of Citizens' handling of their property damage claims related to Hurricane Katrina. On October 28, 2013, plaintiffs filed an amending and supplemental petition, pursuant to *Ansardi v. Louisiana Citizens Prop. Ins. Corp.*, 11-1717 (La. App. 4 Cir. 3/2/13), 111 So.3d

460, *writ denied* 13-697 c/w 13-698 (La. 5/17/13), 118 So.3d 380. In the amended petition, plaintiffs alleged they were putative members of seven class actions (six Louisiana state actions and one federal class action), including *Orrill*, *Oubre*, *Press*, *Christenberry*, *Buxton*, and *Chalona*.[1] Relying on La. Code Civ. Proc. art. 596, as well as decisions from this court, plaintiffs alleged they had not opted out of those class action suits and that their putative membership in those class actions suspended prescription for all of their Hurricane Katrina claims.[2] Citizens filed exceptions of prescription and *lis pendens* arguing plaintiffs' suits are the second-

---

[1] Plaintiffs alleged they are putative members of the following class action suits filed in state court: (1) *Orrill v. AIG, Inc.*, Civil District Court for the Parish of Orleans, Docket No. 2005-11720; (2) *Oubre v. Louisiana Citizens Prop. Ins. Corp.*, 24th Judicial District Court, Docket No. 625-567; (3) *Press v. Louisiana Citizens Fair Plan Prop. Ins. Corp.*, Civil District Court for the Parish of Orleans, Docket No. 2006-5530; (4) *Christenberry v. Louisiana Citizens Property Ins. Corp.*, Civil District Court for the Parish of Orleans, No. 2006-0819; (5) *Chalona v. Louisiana Citizens Prop. Ins. Corp.*, 34th Judicial District Court, Docket No. 107,125; and (6) *Buxton v. Louisiana Citizens Prop. Ins. Corp.*, Civil District Court for the Parish of Orleans, No. 2006-08341. Plaintiffs also alleged they are putative class members of *State of Louisiana v. AAA Ins.*, United States District Court for the Eastern District of Louisiana, Docket No. 07-5528 (sometimes referred to as the "*Road Home*" matter).

[2] *See Quinn v. Louisiana Citizens Prop. Ins. Corp.*, 12-0152 (La. 11/2/12), 118 So.3d 1011 (holding that the filing of an individual lawsuit is not a valid opt-out of a class action); *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 11-2835 (La. 11/2/12), 125 So.3d 1057 (submission of an election form, rather than the filing of an individual suit, is the exclusive manner provided for a class member to opt out of a class action suit). La. C.C.P. art. 596(A) provides:

> A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
>
> (1) As to any person electing to be excluded from the class, thirty days from the submission of that person's election form;
>
> (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
>
> (3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

filed litigation because their Hurricane Katrina claims are included in the first-filed class actions.

Following a hearing, the trial court denied both exceptions.[3] With regard to the exception of *lis pendens*, the court found it "undisputed that there are presently pending four suits arising out of the same transaction or occurrence pending in Louisiana state courts as potential class action lawsuits." Those pending suits were identified as the *Orrill*,[4] *Oubre*,[5] *Press*,[6] and *Christenberry*[7] actions. The trial court found that "none of the plaintiffs herein are named plaintiffs representing the putative class" in those actions. Thus, the trial court reasoned, there are no previously filed lawsuits between the plaintiffs and Citizens that would trigger the exception of *lis pendens*. The court stated: "Although these plaintiffs were putative members as of the time of filing of this lawsuit to take advantage of the suspension of prescription, the putative class members were not named

---

[3] The trial court overruled Citizens' exception of prescription as it related to plaintiffs' claims that coincided with those pleaded in *Orrill*, *Oubre*, *Press*, and *Christenberry*, but sustained the exception with regard to claims not pleaded therein. Citizens has not sought review of the trial court's ruling overruling its exception of prescription.

[4] The *Oubre* class has been defined as "all present or past insureds ... whose loss adjustment was not initiated within thirty (30) days after notification of loss." The class certification in *Oubre* was affirmed on appeal. *See Oubre v. Louisiana Citizens Fair Plan*, 07-66 (La.App. 5 Cir. 5/29/07), 961 So.2d 504, 507.

[5] The *Orrill* class has been defined as "all present or past insureds ... whose claims were not followed by a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss." The class certification was affirmed on appeal. *See Orrill v. Louisiana Citizens Fair Plan*, 11-1541 (La.App. 4 Cir. 6/13/12), 96 So.3d 647.

[6] The *Press* class has been defined as "persons who had a Louisiana Citizens Property Insurance Corporation homeowners' insurance policy at the time of Hurricane Katrina and/or Rita; suffered covered damage to structures insured ...; Citizens' adjustment identified three or more trades involved in the repairs ...; and the payment did not include 20% GCOP [general contractor's overhead and profit]." The *Press* class definition was affirmed on appeal. *See Press v. Louisiana Citizens Fair Plan Property Ins. Corp.*, 08-1313 (La.App. 4 Cir. 4/22/09), 12 So.3d 392, 394.

[7] The *Christenberry* class definition, as described in the *Christenberry* petition filed in Civil District Court for the Parish of Orleans, describes the proposed class as "all immovable property owners.... whose policy was in full force and effect ... and who made a claim.... [E]ach class member has been determined by the defendant to have a compensable loss and has either been paid or is in the process of being paid.... [and] the loss payment to each class member included a below market unit pricing on numerous items and non-payment of industry standard items."

plaintiffs/members of a certified class as to compromise their rights in any way to proceed as plaintiffs in this action."

Citizens first sought supervisory review in the court of appeal, which denied the writ. We granted Citizens' writ application to review the ruling of the district court. *Aisola v. Louisiana Citizens Prop. Ins. Corp.*, 14-1708 (La. 11/14/14), ___ So.3d ___.

DISCUSSION

Louisiana Code of Civil Procedure Article 531 provides:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. For *lis pendens* to apply, La. Code Civ. Proc. art. 531 requires that (1) two or more suits are pending in a Louisiana court or courts; (2) on the same transaction or occurrence; and (3) between the same parties in the same capacities. The "test" established to determine if an exception of *lis pendens* should be sustained is the same as that for *res judicata*; thus, an exception of *lis pendens* should be sustained if "a final judgment in the first suit would be *res judicata* in the subsequently filed suit." *United Gen. Title Ins. Co. v. Casey Title, Ltd.*, 01-600 (La. App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065; *see also Domingue v. ABC Corp.*, 96-1224 (La. App. 4 Cir. 6/26/96), 682 So.2d 246, 248, *writ denied*, 96-1947 (La. 11/1/96), 681 So.2d 1268.

For the following reasons, we find the trial court erred in denying defendant's exception of *lis pendens* as to plaintiffs' *Oubre*, *Orrill*, *Press*, and *Christenberry* claims. La. Code Civ. Proc. art. 597 provides that any judgment rendered in a class action suit is conclusive as to all class members, whether joined as parties or not. *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 11-2835 (La. 11/2/12), 125 So.3d 1057, 1069 ("[u]nder the articles governing Louisiana's class action, all persons possessing claims arising out of transactions or occurrences described in a class action petition ... are bound by any judgment in the action"); *see also New Orleans Firefighters Ass'n of Louisiana, Local 632 v. City Civil Serv. Comm'n of New Orleans*, 371 So.2d 339, 342 (La. App. 4th Cir. 1979). Based upon plaintiffs' allegations they are putative class members of the *Oubre*, *Orrill*, *Press*, and *Christenberry* class action suits, which they assert in order to secure the benefit of suspension of prescription under La. Code Civ. Proc. art. 596, it follows that any judgment rendered in those suits would be conclusive and, thus, *res judicata*, to the identical claims raised in plaintiffs' instant individual suits. Accordingly, because any judgment rendered in the *Oubre*, *Orrill*, *Press,* and *Christenberry* class action suits would be *res judicata* to the identical claims raised in the instant individual suits, *lis pendens* applies to those claims.

Though the plaintiffs concede there is no dispute the reliant class actions and their individual law suits arise out of the same transaction or occurrence, indeed they asserted as much in their petition, they nevertheless argue that there is no "identity of parties" and that the class action suits are no longer pending for *lis pendens* to apply. We find no merit to these arguments.

We find the trial court erred in finding there exists no "identity of the parties" for *lis pendens* purposes when a putative class member, such as plaintiffs

herein, is not a named plaintiff or joined as a party in the class action. The plaintiffs argue here that they are not "parties" in the reliant class actions. They contend the language contained in the procedural articles relating to class actions makes a clear distinction between "parties" (the representatives of the class who sue individually and in a representative capacity) and class "members" on whose behalf the parties sue. For example, they point to language in La. C.C.P. art. 591(A), which reads "One or more members of a class may sue or be sued as representative parties on behalf of all …."

In *Harris v. Louisiana Citizens Prop. Ins. Co.*, 14-120 (La. App. 5 Cir. 10/29/14), 164 So.3d 216, *writ denied*, 14-2484 (La. 2/6/15), ___ So.3d ___, the court held the doctrine of *lis pendens* applied to the insured's claims that were identical to claims brought in five pending class action suits, rejecting a similar argument as to the identity of the parties. The *Harris* court relied on our ruling in *Elfer v. Murphy Oil USA, Inc*, wherein the plaintiffs attempted to untimely join a class action suit previously filed in response to an explosion at the Murphy Oil Refinery in Mereaux, Louisiana. 01-1058 (La. App. 4 Cir. 9/12/01), 804 So.2d 71, *writ granted and rev'd*, 02-0020 (La. 3/15/02), 811 So.2d 892. In the *Elfer* case, after the trial judge in the previously filed class action suit rejected their applications to join the class, the 43 alleged putative class members who had been rejected from the previously filed class action suit, along with 58 additional alleged putative class members, filed a separate class action suit for identical claims resulting from the Murphy Oil Refinery explosion. The defendants filed various exceptions, including the exception of prescription and *lis pendens*. The trial court granted the exceptions, dismissing the second-filed class action suit. *Id.* On supervisory review, the court of appeal found the trial court had correctly granted the defendants' exception of *lis pendens* and, thus, properly dismissed the suit, but

it found the exception of *lis pendens* applied only to the 43 putative class members who had attempted to join the first-filed class action but did so untimely. This court granted the defendant's writ and found the exceptions of *lis pendens* and *res judicata* applied to all of the putative class members—whether joined as part of the original class action suit or not. *Elfer*, 811 So.2d at 892; *see also* La. Code Civ. Proc. art. 597.

We agree with the reasoning of the *Harris* court and its interpretation of our reasoning in *Elfer*. In order to obtain the benefit of suspension of prescription, the plaintiffs here alleged they are putative class members of various pending class actions and their claims arise out of the same transactions or occurrences as the reliant class action suits. Any judgment rendered in the *Oubre*, *Orrill*, *Press*, and *Christenberry* class action suits would be *res judicata* to the identical claims raised by the plaintiffs in their individual suits. Because any judgment on those class actions in which the plaintiffs are alleged putative class members would be conclusive and binding as to the plaintiffs under La. Code Civ. Proc. art. 597, it necessarily follows that the requirements of *lis pendens* are satisfied. As we explained in *Ford v. Murphy Oil U.S.A., Inc.*, 96-2913 (La. 9/9/97), 703 So.2d 542:

> The purpose and intent of class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the representatives who bring the action, but to all others who are "similarly situated," provided they are given adequate notice of the pending class action and do not timely exercise the option of exclusion from the class action.

We also find no merit to the plaintiffs' argument that they have been excluded from the class definitions in *Orrill*, *Oubre*, and *Press* by virtue of the settlements in those cases. For example, in *Orrill*, the Settlement provides: "The Class is not intended to, and does not include: …any insured of Defendant who has

7

a pending individual lawsuit against Defendant arising from Hurricane Katrina and/or Hurricane Rita as of the date of preliminary approval." However, plaintiffs have not been excluded from the class itself; rather, they were excluded from the settlement class as defined in that agreement. We discern no impediment to plaintiffs' recovery in the reliant class actions even though they may not be part of the current settlement class in those actions.

Finally, we find no merit to the argument that the reliant class actions are no longer pending either because of the settlements in *Orrill*, *Oubre*, and *Press*, or because the suit in *Christenberry* has been deemed abandoned. The trial court specifically found that it was undisputed that these four state court actions remained pending. Plaintiffs have not pointed to anything in the record before us that establishes otherwise. *Orrill*, *Oubre*, and *Press* were certified class actions, and, while settlement agreements have been entered as to certain class members, these matters remain open in their respective courts. The *Christenberry* class has not been been certified, nor has it been denied class certification, and it also remains pending in Civil District Court for the Parish of Orleans.

DECREE

For these reasons, we find the doctrine of *lis pendens* applies to the plaintiffs' individual actions even though they were not named parties or joined in the first-filed class actions. Accordingly, the trial court erred in denying the defendant's exception of *lis pendens* as to plaintiffs' *Oubre*, *Orrill*, *Press*, and *Christenberry* claims. The trial court's ruling overruling the exception of *lis pendens* is hereby reversed, and the matter is remanded to the district court for further proceedings.

**REVERSED AND REMANDED**

**10/14/15**

# SUPREME COURT OF LOUISIANA

## NO. 2014-CC-1708

## THELMA AISOLA

## VERSUS

## LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION

## ON SUPERVISORY WRITS TO THE THIRTY-FOURTH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

**JOHNSON, Chief Justice,** concurs in the result.