Judge Joy Cossich Lobrano
Plaintiffs, Elysian, Inc. and Cusachs Family Collection, L.L.C., (hereinafter "plaintiffs"), filed the instant appeal from the district court's judgment that granted an exception of lis pendens , and dismissed their complaint without prejudice. After reviewing the record and applicable law, we find that lis pendens does not apply, reverse the judgment of the district court, and remand the matter for further proceedings.
*145 The case concerns the sale of items contained in an art collection that was on display at the New Orleans Museum of Art for over a century. The Gaspar Cusachs Collection (the "collection") is a large group of historical artifacts originally assembled and owned by Gaspar Cusachs (1855-1929). Plaintiffs equally share ownership of the collection.
In May 2015, Neal Auction Company, Inc. and Philip B. Alford, president and senior auctioneer (hereinafter "Neal"), began discussions with plaintiffs about allowing Neal to sell by auction the items in the collection. In February 2016, Neal and plaintiffs executed a written consignment agreement permitting Neal to place the collection for auction; they were the only parties to the agreement.
John Booth, Jr. and Celeste Lingle, as Cusachs' descendants, both claimed an interest in the collection. On November 10, 2016, Booth and Lingle filed a petition for preliminary injunction, temporary restraining order and permanent injunction ("Injunction suit") against: (1) Neal (without Alford); (2) Dawn Storms, individually and as manager of the Cusachs Family Collection, L.L.C. (plaintiff herein); (3) David Lingle, individually and in his capacity as trustee for the Elysian Fields Trust, a trust formed to deal with the collection; (4) Elysian, Inc. ("Elysian"), a corporation to which David Lingle purportedly transferred the assets of the collection (plaintiff herein); and (5) an unnamed insurance company.[1] The Injunction suit, filed less than one month before the scheduled auction, sought to deposit one-half of the proceeds from the auction into the registry of the court, less the amount due Neal, so the court could determine who was entitled to the remainder of the proceeds. Once the auction was held, one-half of the proceeds were immediately distributed to plaintiff, the Cusachs Family Collection.
Elysian filed a motion for summary judgment, seeking to dismiss the entire suit on the merits. Before the summary judgment could be heard, Elysian filed a motion to dissolve the preliminary injunction so that the proceeds held in the registry of the court could be properly disbursed.
Both motions were heard by the district court and, in June 2017, the court granted the motion to dissolve, thereby vacating its preliminary injunction. Conversely, the court denied Elysian's motion for summary judgment without reasons.
On October 27, 2017, while the Injunction suit was pending, plaintiffs filed a new lawsuit against various defendants including Neal and alleged fourteen separate causes of action, including inter alia, fraud, breach of contract, conversion, conspiracy, abuse of process, and bad faith ("Auction suit"). The Auction suit was assigned to a different division of the court but was later transferred to the same division where the Injunction suit was pending. The district court, however, denied plaintiffs' motion to consolidate the two matters.
On November 17, 2017, Elysian re-urged its motion for summary judgment in the Injunction suit. The motion was granted. Elysian was instructed to submit a proposed judgment.
In response to the Auction suit filed on October 27, 2017, Neal filed a declinatory exception of lis pendens and a dilatory exception of nonconformity of the petition in late December 2017. Relying on La. C.C.P. art. 531, Neal argued that the Injunction *146 suit and the Auction suit were both pending, both suits involved the same "transaction or occurrence," and both involved the same parties in the same capacities. Plaintiffs opposed the motion.
On January 22, 2018, the district court signed the proposed summary judgment that dismissed the Injunction suit with prejudice. No appeal was taken by the parties.
On March 23, 2018, the district court granted Neal's exception of lis pendens and dismissed plaintiffs' Auction suit without prejudice.[2]
On March 26, 2018, plaintiffs filed a motion for leave to file incidental demands in the Injunction suit. The motion was denied on May 22, 2018.
This timely appeal by plaintiffs followed. Their assignments of error concern whether the exception of lis pendens was properly granted and the district court's jurisdiction to order a supplement of the record on appeal.
A trial court's ruling on a lis pendens exception, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed de novo . Parker v. Tulane-Loyola Fed. Credit Union , 15-1362, p. 5 (La.App. 4 Cir. 5/25/16), 193 So.3d 441, 444-45. On issues of law, the appellate court's standard of review is simply whether the trial court's interpretive decision is legally correct. First Bank and Trust v. Simmons , 14-1210, 14-1211, p. 24 (La.App. 4 Cir. 4/22/15), 165 So.3d 1025, 1040 ; An Erny Girl, L.L.C. v. BCNO 4 L.L.C., 16-1011, p. 9 (La.App. 4 Cir. 3/30/17), 216 So.3d 833, 839, writ denied, 17-0815 (La. 6/29/17), 222 So.3d 48.
An exception of lis pendens is governed by La. C.C.P. art. 531, which provides as follows:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The jurisprudence has identified the following three requirements for lis pendens to apply:
1. There must be two or more suits pending;
2. The suits must involve the same transaction or occurrence; and
3. The suits must involve the same parties in the same capacities.
Aisola v. La. Citizens Prop. Ins. Corp., 14-1708, p. 4 (La. 10/14/15), 180 So.3d 266, 269. All three requirements must be met. Id.
At first blush, it appears that the first requirement for lis pendens, that two suits are pending, is satisfied because the Auction suit was filed before the Injunction suit was dismissed. However, "[b]ecause lis pendens does not address the merits of the disputes between the parties, a reviewing court considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment." Parker, 15-1362, p. 10 n. 10, 193 So.3d at 447 (citing Trahan v. 2010 Beglis, L.L.C., 11-365, p. 4 (La.App. 3 Cir. 12/14/11), 81 So.3d 192, 195 (quoting *147 Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc., 34,796, p. 2 (La.App. 2 Cir. 8/22/01), 796 So.2d 66, 68 ) ); La. Cotton Ass'n Workers' Compensation Group Self-Insurance Fund v. Tri-Parish Gin. Co. Inc., 624 So.2d 461, 464 (La.App. 2nd Cir. 1993). "Extending that principle, a trial court likewise is entitled to consider the procedural and factual climate that exists at the time of its review of the exception." Parker, 15-1362, p. 10n. 10, 193 So.3d at 447. A review of a grant of lis pendens requires this court to examine not only whether the district court was correct when the exception was granted, but whether the exception is still correct at the time of appeal. Brooks Well Servicing, Inc., 34,796, pp. 2-3, 796 So.2d at 69.
The Injunction suit was not pending when the exception was granted by the district court and is not pending on appeal.[3] Thus, lis pendens does not apply. Therefore, we reverse the judgment of the district court granting Neal's exception of lis pendens and remand the matter to the trial court for further proceedings consistent with this opinion.[4]
REVERSED; REMANDED.

Although the Injunction suit named a number of parties, its prayer is directed to David Lingle and Dawn Storms and sought to enjoin them from obtaining any of the remaining proceeds from the auction.

The appellate record contains the transcript of the March 23, 2018 hearing on the exception of lis pendens, at which time, Neal's counsel admitted that "the injunction suit is no longer pending."

Even a lawsuit on appeal can be considered pending for the purposes of lis pendens. Glass v. Alton Ochsner Medical Foundation , 02-0412, p. 4 (La.App. 4 Cir. 11/06/02,) 832 So.2d 403, 406.

Because we reverse the judgment granting the exception of lis pendens, we pretermit discussion of the propriety of the district court's supplementation of the record on appeal.