| | | |
|---|---|---|
| SHANDREKA HATCHER BROWN | * | NO. 2022-C-0430 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, STATE FARM LIFE INSURANCE COMPANY, AND AMY JEANSONNE BROWN | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-09496, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Pro Tempore James F. McKay, III)

James R. Nieset, Jr.
Megan L. Leblanc
Porteous, Hainkel & Johnson
704 Carondelet Street
New Orleans, LA 70130-3774
        COUNSEL FOR RELATOR/DEFENDANT

**WRIT GRANTED;
JUDGMENT REVERSED
AUGUST 22, 2022**

PAB
DLD
JFM

In this writ application, Relator, State Farm Life Insurance Company ("State Farm"), seeks supervisory review of the district court's May 24, 2022 judgment, overruling its declinatory exceptions of subject matter jurisdiction, improper venue, and *lis pendens*. For the reasons that follow, we grant State Farm's writ application and reverse the district court's judgment on *lis pendens*. Given our decision to exercise our powers of supervisory review as to the issue of *lis pendens*, we pretermit discussion of State Farm's remaining assignment of error.

## FACTS AND PROCEDURAL HISTORY

This dispute concerns the distribution of proceeds from a State Farm Insurance Company Whole Life Policy ("the Policy") issued to Easton Brown, Jr. ("Easton"). The Policy named his wife, Amy Jeansonne Brown ("Amy"), as the beneficiary. Easton and Amy were married on June 21, 2009, and were domiciled in St. Bernard Parish during the course of the marriage.

Amy filed for divorce in St. Bernard Parish before the 34th Judicial District Court (the "34th JDC"). On May 20, 2020, during divorce negotiations, the parties entered into a consent judgment, which contained, among other provisions, a permanent injunction prohibiting any unilateral changes of the beneficiaries on any

1

of the three insurance policies, including the Policy.  The parties divorced on June 26, 2020, and the consent judgment was made a part of the record.

On July 29, 2021, Amy filed, in the divorce proceeding, an emergency rule for a temporary restraining order ("TRO") – seeking the issuance of an order prohibiting the distribution of the Policy proceeds – a rule for determination of beneficiary and rule for contempt (collectively the "rules").  The only two parties to the rules were Amy and the decedent, Easton.  State Farm was served with the TRO.  On July 29, 2021, the 34th JDC granted Amy's TRO and prohibited State Farm from distributing any funds with Easton as a named insured.  Following, on September 15, 2021, the 34th JDC heard Amy's rule to determine beneficiary and recognized the validity of the earlier consent judgment between Easton and Amy, which declared Amy the rightful legal beneficiary of the Policy.  The 34th JDC ordered that Amy be paid the proceeds of the Policy "immediately."  On October 20, 2021, State Farm and Amy entered into a stipulation of payment and satisfaction of judgment (the "stipulation") in which Amy acknowledged having received the full Policy proceeds from State Farm in complete satisfaction of the September 21, 2021 judgment by the 34th JDC.  The stipulation, filed into the 34th JDC's record on October 22, 2021, also authorized the 34th JDC and the Clerk's Office to "cancel and erase from the records of the office any inscription of said judgments, as affecting Defendant, State Farm Life Insurance Company, and to show upon the record thereof full, final, and complete discharge of any and all judgments rendered against it in this matter."

On October 26, 2021, Shandreka Hatcher Brown ("Shandreka") filed a petition for intervention in the 34th JDC, seeking to intervene in Amy's divorce suit.  Shandreka represented to the 34th JDC that she and Easton, the Policy owner,

2

were married before his death, and that the decedent had made her the beneficiary of the Policy. Shandreka contended that she was a necessary and interested party to the proceedings but was not served with notice or notified to appear at either hearing. She alleged that because she was not joined as a party in the actions filed by Amy, the July 29, 2021 and September 21, 2021 judgments were improper, having been held in violation of La. C.C.P. art. 641.[1] Shandreka also filed a motion to annul the TRO issued on July 29, 2021 and a motion to annul the September 21, 2021 judgment. Shandreka requested that a TRO naming State Farm and Amy as co-defendants be issued, requiring that they appear to show cause why her petition for intervention and motions should not be granted.

On November 22, 2021, Shandreka filed a separate suit, a petition for declaratory judgment in the Orleans Parish Civil District Court ("CDC"), naming State Farm and Amy as defendants. In this suit, Shandreka sought to have herself named as the rightful beneficiary of the Policy and to annul the July 29, 2021 TRO and the September 21, 2021 judgment rendered in the 34th JDC. Shandreka claimed to have documentary proof of her marriage to Easton. She further alleged that Easton had executed a change of beneficiary on the Policy proceeds from State Farm, replacing Amy's name and making Shandreka the sole beneficiary thereof. Shandreka asserted that the judgments rendered in the 34th JDC are absolute nullities.

---

[1] La. C.C.P. art. 641 states that:

> A person shall be joined as a party in the action when either:
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> (a) As a practical matter, impair or impede his ability to protect that interest.
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

In response, State Farm filed declinatory exceptions of lack of subject matter jurisdiction, improper venue and *lis pendens*, arguing that Shandreka's suit pending in CDC arose out of the same occurrence as the matter already pending in the 34th JDC and involved the same parties and legal issues. Shandreka filed an opposition, averring that *lis pendens* did not apply because the suit did not involve the same parties as required by La. C.C.P. art. 531.[2] Specifically, Shandreka argued that *lis pendens* did not apply to a petition for intervention and State Farm was not a named defendant in the suit pending in the 34th JDC. The matter came for hearing on May 13, 2022. On May 24, 2022, the district court rendered judgment and overruled the exception of *lis pendens*.[3]

This timely filed writ application followed.

### DISCUSSION

"A [district] court's ruling on an exception of *lis pendens*, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed *de novo*." *Dave v. Witherspoon*, 20-0239, p. 3 (La. App. 4 Cir. 11/4/20), 310 So. 3d 593, 596 (quoting *TMF Hotel Properties, L.L.C. v. Crescent City Connections 501(C) 7 Gris-Gris Pleasure Aide & Soc. Club*, 18-0079, p. 4 (La. App. 4 Cir. 11/28/18), 318 So.3d 756, 760, 2018 WL 6204331, at *2).

State Farm argues that the district court erred in overruling its exception of *lis pendens*, contending that the action in the 34th JDC predates subsequent filings, arises out of the same transaction and occurrence and involves the same parties. Specifically, State Farm contends the 34th JDC suit and CDC suit concern the same

---

[2] La. C.C.P. art 531, the applicable legal authority, will be addressed in further detail, *infra*.

[3] The district court also overruled State Farm's exceptions of subject matter jurisdiction and improper venue.

Policy issued by State Farm to Easton, the subject matter of both proceedings is the designation of the beneficiary and the 34th JDC had previously issued judgments in the two earliest filings. State Farm further avers that the parties in the 34th JDC suit are the same parties in the instant matter. State Farm points out that it was served with Amy's TRO filed on July 29, 2021 and had the opportunity to represent itself at the hearing. State Farm urges that the district court's September 21, 2021 judgment included specific orders directed to it, and the stipulation filed into the record in the first filed suit specifically referred to State Farm as a "Defendant." State Farm also insists that when Shandreka filed a petition for intervention in the 34th JDC suit, she became a party to the suit.

The Louisiana Supreme Court held in *Aisola v. Louisiana Citizens Property Insurance Corporation*, 14-1708, p. 4 (La. 10/14/15), 180 So.3d 266, 269, that:

> The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. For *lis pendens* to apply, La. Code Civil Procedure art. 531 requires that (1) two or more suits are pending in a Louisiana court or courts; (2) on the same transaction or occurrence or occurrences; and (3) between the same parties in the same capacities.

After the hearing, the district court agreed that the first two requirements of *lis pendens* were easily met. As to the third requirement, the district court determined that once Shandreka filed the intervention, she became a party to the suit pending in the 34th JDC. However, the district court found that State Farm did not establish that it was a named defendant in that suit. We disagree.

After review of the record, we conclude that all three requirements of *lis pendens* are met. There are: (1) two suits pending – the first filed in the 34th JDC and the second filed in CDC; (2) on the same transaction or occurrence – Easton's life insurance policy issued by State Farm and the designation of the beneficiary;

5

and (3) between the same parties – Shandreka, State Farm and Amy – in the same capacities. In addition, our review of the record reveals that the stipulation filed in the record of the 34th JDC refers to State Farm as a "Defendant." Thus, we find State Farm is a party to the original suit in the 34th JDC.

## CONCLUSION

For the foregoing reasons, we grant State Farm's writ application and reverse the district court's judgment on *lis pendens*.