Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,320-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SHARON PEDDY D.B.A.
JAMESTOWN STORE

Plaintiff-Appellant

versus

LOTT OIL COMPANY,
INCORPORATED AND
AMERICAN FEDERATED
INSURANCE MARKETING &
DISTRIBUTING
INCORPORATED D.B.A.
FEDERATED INSURANCE
COMPANY

Defendants-Appellees

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 45,996

Honorable Charles Glenn Fallin, Judge

* * * * *

JIMMY WAYNE "JIMBO" YOCOM, JR.

Counsel for Appellant

EDWARD CHARLES JACOBS

COTTON, BOLTON, HOYCHICK
& DOUGHTY, LLP
By: David Paul Doughty

Counsel for Appellees

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

Sharon Peddy, d/b/a Jamestown Store, appeals a judgment sustaining the exception of lis pendens filed by Lott Oil Co. and its insurer, Federated Insurance Co., and dismissing Peddy's suit. For the reasons expressed, we affirm.

## PROCEDURAL HISTORY

Peddy owns and operates a convenience store and gas station in Jamestown, in Bienville Parish. On February 23, 2021, shortly after an ice storm had coated the area, her gasoline supplier, Lott Oil, came to make a delivery. According to Peddy, Lott Oil's driver attached the hose from his tanker to her underground storage tank and started unloading fuel; however, he then got back in the cab of his truck and left the hose unattended. While he was not looking, the fuel overflowed and flooded the premises with gasoline. The spill did not stop until a customer noticed and banged on the driver's window; the driver then cut the flow and drove off without informing Peddy of the incident. According to Peddy, the spewing fuel caused significant damage to her premises, forced her to shut down for several days, led to customer claims of contaminated fuel, and harmed her reputation in the community.

In the weeks after the incident, the parties were apparently unable to resolve the matter. Peddy alleged that Lott Oil refused to drain her tank, and, under the guise of investigating its driver's actions, took and destroyed her security video of the incident. Lott Oil demanded payment for fuel that had been delivered and not paid for, while Peddy demanded payment for the

alleged damages to her premises and reputation: in June 2021, she sought $134,000, and in October 2021, $275,000.

Lott Oil filed suit on Peddy's open account on January 11, 2022, in the Tenth JDC (Natchitoches Parish), its place of domicile. Lott Oil alleged its demand letters, sent by certified and regular mail in June 2021, were unsuccessful in securing payment. The petition demanded the unpaid balance of $3,663.68, plus reasonable attorney fees and all costs.

Peddy then filed this suit, in the Second JDC (Bienville Parish), in February 2022. She demanded damages for the cleanup of her station, lost profits for the time she was closed, reimbursement for claims she paid to her customers for tainted fuel, and damage to her reputation. She also alleged that Federated refused to adjust the claim, without cause; for this, she sought punitive damages and attorney fees against Federated.

Lott Oil responded with the exception of lis pendens, citing its prior suit, in Natchitoches Parish, on the open account. Lott Oil alleged that Peddy was raising, as defenses to the open account, the same claims she was now asserting in the Bienville Parish suit. It alleged that the parties were identical and both claims arose out of the same operative facts.

The exception of lis pendens was initially granted without opposition, leading Peddy to file a timely motion for new trial. At the hearing on this motion, on October 13, 2022, which both sides were present; the district court granted new trial and, after argument, sustained Lott Oil's exception of lis pendens and rendered judgment dismissing Peddy's suit, without prejudice. This appeal followed.

2

# APPLICABLE LAW

Lis pendens is regulated by La. C.C.P. art. 531, which provides:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925 [the declinatory exception of lis pendens]. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The doctrine of lis pendens prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. *Aisola v. La. Citizens Prop. Ins. Co.*, 14-1708 (La. 10/14/15), 180 So. 3d 266. For lis pendens to apply, Art. 531 requires that (1) two or more suits are pending in a Louisiana court or courts, (2) on the same transaction or occurrence, and (3) between the same parties in the same capacities. The "test" established to determine if an exception of lis pendens should be sustained is the same as that for res judicata, i.e., whether "a final judgment in the first suit would be res judicata in the subsequently filed suit." *Aisola v. La. Citizens*, *supra*; *Thomas v. Marsala Beverage Co.*, 52,898 (La. App. 2 Cir. 11/20/19), 284 So. 3d 1212.

Res judicata promotes the dual purposes of judicial efficiency and the final resolution of disputes by preventing needless relitigation. *Terrebonne Fuel & Lube Inc. v. Placid Refin. Co.*, 95-0654 (La. 1/16/96), 666 So. 2d 624; *Thomas v. Marsala Beverage Co.*, *supra*. Under the res judicata statute, La. R.S. 13:4231, a second action is precluded when all of the following are satisfied: (1) the judgment is valid, (2) the judgment is final, (3) the parties are the same, (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation, and (5) the cause or causes of action asserted in the second suit arose out of the

same transaction or occurrence that was the subject of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So. 2d 1049; *Thomas v. Marsala Beverage Co.*, *supra*. In essence, any attempt by one party to litigate matters in a second suit that could have been raised in the first suit is barred by res judicata. *Terrebonne Fuel & Lube v. Placid Refin. Co.*, *supra*.

Lis pendens does not require perfect identity of parties, but only that they must appear in the same quality or capacity. *Aisola v. La. Citizens*, *supra*; *Thomas v. Marsala Beverage Co.*, *supra*. For purposes of res judicata, the insurer and the insured share the same qualities and identity. *Aisola v. La. Citizens*, *supra*; *Hawkins v. Span Sys. Inc./DFW Int'l Airport OCIP*, 51,378 (La. App. 2 Cir. 5/17/17), 223 So. 3d 593.

The trial court's ruling on the exception of lis pendens presents a question of law and is therefore reviewed de novo. *Gamble v. Gamble*, 54,595 (La. App. 2 Cir. 1/18/23), 354 So. 3d 864; *Dave v. Witherspoon*, 20-0239 (La. App. 4 Cir. 11/4/20), 310 So. 3d 593. Moreover, because lis pendens does not address the merits of the dispute between the parties, the reviewing court considers the issue in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court's ruling. *Chumley v. LaCour*, 54,599 (La. App. 2 Cir. 5/25/22), 339 So. 3d 766, *writ denied*, 22-01129 (La. 12/6/22), 350 So. 3d 871; *Matter of Commitment of Cole*, 18-1760 (La. App. 1 Cir. 4/17/19), 276 So. 3d 601.

## DISCUSSION

### *Identity of Parties*

By her first assignment of error, Peddy urges the court erred in finding an identity of the parties existed in the two ongoing actions, because (1) Peddy's suit claims a direct action against Federated, which was not a party

4

to Lott Oil's suit on open account, and (2) Peddy was situated only as a potential debtor in Lott Oil's suit and not as an injured plaintiff seeking tort recovery. She first argues that Lott Oil was the plaintiff and creditor in the first suit, but is defendant and tortfeasor in the second, making them not in the same capacities. Finally, she argues that Federated was not a party in the first suit, so there cannot be the same parties in both; in support, she cites *Ward v. State*, 43,948 (La. App. 2 Cir. 1/28/09), 2 So. 3d 1231, *writ denied*, 09-0431 (La. 4/17/09), 6 So. 3d 791.

As noted, lis pendens does not require perfect identity of the parties, but only that they must appear in the same quality or capacity. *Aisola v. La. Citizens*, *supra*; *Chumley v. LaCour*, *supra*. Ordinarily, the insured and the insurer share the same qualities. *Aisola v. La. Citizens*, *supra*; *Hawkins v. Span Sys.*, *supra*. When parties share a mutuality of interest in the claim, they are considered to be in the same capacity. *Pontchartrain Materials Corp. v. Quick Recovery Coatings Servs. Inc.*, 10-1476 (La. App. 4 Cir. 5/6/11), 68 So. 3d 1113, *writ denied*, 11-1104 (La. 9/16/11), 69 So. 3d 1143.

On de novo review, we find Lott Oil sufficiently showed the same parties are involved in the same capacities in both suits. Peddy and Lott Oil are perfectly identical as parties in both suits. Moreover, the mutuality of Lott Oil and Federated is plain: Federated provides insurance coverage for Lott Oil, represents Lott Oil at trial, and becomes liable only if Lott Oil is found liable. Although Peddy has demanded penalties for Federated's refusal to adjust her claim, under R.S. 22:1892 and 22:1973, these statutes apply only when a potentially viable underlying claim has been established. *Walker v. Dollar Tree Stores Inc.*, 53,898 (La. App. 2 Cir. 4/14/21), 316 So.

5

3d 585, and citations therein. The underlying claim is the essence of the litigation, thus uniting Lott Oil and Federated in quality and capacity.

In addition, the fact that Peddy is a defendant in the first suit and a plaintiff in the second is a matter only of status, not capacity. The parties' status is often reversed in competing actions, as occurred in *Gamble v. Gamble*, *supra*.

Finally, we find that *Ward v. State*, *supra*, is inapposite and does not require a different result. After an auto accident on a state highway, the plaintiffs in *Ward* filed a suit against DOTD, alleging a defective roadway; they then filed a second suit, against the driver who lost control and struck them, and the driver's insurer. Still later, the insurer filed a third suit, a concursus, placing its policy limits in the court registry and naming the plaintiffs and their healthcare providers as defendants. DOTD then filed an exception of no cause of action in the second suit, urging issue preclusion. The district court sustained the exception, but this court reversed, citing the "circumstances of the case" and finding that DOTD could not have been joined in, and was not a necessary party to, the concursus. Obviously, such special circumstances do not exist here; the contractual duty of Federated to defend Lott Oil placed them in the same capacity.

This assignment of error lacks merit.

### Same Transaction or Occurrence

By her second assignment of error, Peddy urges the court erred in finding the two ongoing suits arose from the same transaction or occurrence, as required by La. C.C.P. art. 531. She argues that "one court's determination of liability as to a debt owed would in no way require a determination * * * as to the cause of the damage" to her property. In

6

support, she cites *Zen-Noh Grain Corp. v. Thompson*, 13-110 (La. App. 5 Cir. 8/27/13), 123 So. 3d 777, for the proposition that the first suit, a buyer's action for breach of a sales contract, did not create lis pendens as to the second, a seller's action for the balance due. She also cites *Marco Outdoor Advert. Inc. v. KFK Group Inc.*, 20-204 (La. App. 5 Cir. 11/16/20), 307 So. 3d 339, *Patten/Jenkins BR Popeyes LLC v. SRG Baton Rouge II LLC*, 19-1160 (La. App. 1 Cir. 6/16/20), 306 So. 3d 453, *Masonite Corp. v. Service Door & Millwork*, 14-1035 (La. App. 3 Cir. 4/1/15), 162 So. 3d 702, and *Craig v. Adams Interiors Inc.*, 34,591 (La. App. 2 Cir. 4/6/01), 785 So. 2d 997.

The law applies lis pendens when there are two actions pending "on the same transaction or occurrence." La. C.C.P. art. 531. The jurisprudence applies lis pendens when "a final judgment in the first suit would be res judicata in the subsequently filed suit." *Aisola v. La. Citizens*, *supra*; *Thomas v. Marsala Beverage Co.*, *supra*. Thus, lis pendens encompasses "all logically related events entitling a person to institute legal action against another." *Brooks Well Serv. Inc. v. Cudd Pressure Control Inc.*, 36,723 (La. App. 2 Cir. 6/27/03), 850 So. 2d 1027, *writ denied*, 03-2606 (La. 12/12/03), 860 So. 2d 1157. The existence of multiple causes of action that might arise from the same transaction or occurrence does not defeat lis pendens. *Cox v. Boggs*, 39,566 (La. App. 2 Cir. 4/6/05), 899 So. 2d 770.

On de novo review, we find Lott Oil sufficiently showed that both suits were based on the same transaction or occurrence, i.e., the fuel delivery incident of February 23, 2021, which allegedly damaged Peddy's gas station and led her to withhold payment on her account with Lott Oil. The fact that the first suit was for breach of contract and the second for tort does not alter

7

their common origin.  *Cox v. Boggs*, *supra*.  They are "logically related events."  *Brooks Well Serv. v. Cudd Pressure Control*, *supra*.  Also, it is of no moment that when Lott Oil filed its suit, Peddy had not yet asserted the various damage claims advanced in her tort suit; she has subsequently raised them, and they all arise from the same transaction or occurrence.  *Chumley v. LaCour*, *supra*; *Matter of Commitment of Cole*, *supra*.

We have examined the opinion in *Zen-Noh Grain Corp. v. Thompson*, *supra*, and although it does refuse to apply lis pendens to actions for breach of contract and for balance due on account, we would observe that the Fifth Circuit cited an earlier, *totally different* contract from the oral agreements being sued on.  On those facts, the second suit was plainly not based on the same transaction or occurrence as the first.  We also recognize the holding of *Craig v. Adams Interiors*, *supra*, but would limit it to the special facts therein: the first "action" was actually an arbitration and the second raised an element of damages expressly omitted from the arbitration.  We have also examined the other cases cited, *Marco Outdoor Advert. v. KFK Group* and *Patten/Jenkins v. SRG Baton Rouge*, *supra*, and are constrained to find that those opinions actually applied lis pendens to disputes that were arguably based on different facets of a breach of lease.  These authorities only confirm the application of lis pendens.

This assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, the judgment granting the exception of lis pendens and dismissing the suit without prejudice is affirmed.  All costs are to be paid by Sharon Peddy, d/b/a Jamestown Store.

**AFFIRMED**.

8